United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                              Case No. 19-14762-mdc
Felix L. Colon                                                      Chapter 7
    Debtor

## CERTIFICATE OF NOTICE

District/off: 0313-4        User: admin              Page 1 of 1           Date Rcvd: Nov 22, 2019
                            Form ID: 318             Total Noticed: 20

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Nov 24, 2019.
```
db         +Felix L. Colon,    452 South Shippen Street,    Lancaster, PA 17602-3643
smg        +Bureau of Audit and Enforcement,    City of Allentown,    435 Hamilton Street,
             Allentown, PA 18101-1603
smg         City Treasurer,    Eighth and Washington Streets,    Reading, PA  19601
smg        +Dun & Bradstreet, INC,    3501 Corporate Pkwy,    P.O. Box 520,    Centre Valley, PA 18034-0520
smg        +Lehigh County Tax Claim Bureau,    17 South Seventh Street,    Allentown, PA 18101-2401
smg        +Tax Claim Bureau,    633 Court Street,    Second Floor,    Reading, PA 19601-4300
14365301   +Citibank/Best Buy,    Attn: Bankruptcy,    Po Box 790441,    St. Louis, MO 63179-0441
14365302   +City of Lancaster,    120 N Duke Street,    Lancaster, PA 17602-2825
14365304   +Jessica Wesley,    452 S Shippen St,    Lancaster, PA 17602-3643
14365305   +Lorraine A. Colon,    2254 Coventry Rd,    Lancaster, PA 17601-3051
14365306   +Mr. Cooper,    Attn: Bankruptcy,    8950 Cypress Waters Blvd,    Coppell, TX 75019-4620
```
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg          E-mail/Text: RVSVCBICNOTICE1@state.pa.us Nov 23 2019 03:25:30
             Pennsylvania Department of Revenue,    Bankruptcy Division,    P.O. Box 280946,
             Harrisburg, PA  17128-0946
smg         +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Nov 23 2019 03:25:59     U.S. Attorney Office,
             c/o Virginia Powel, Esq.,    Room 1250,    615 Chestnut Street,    Philadelphia, PA 19106-4404
14365300    +E-mail/Text: bankruptcycollections@citadelbanking.com Nov 23 2019 03:26:29      Citadel FCU,
             Attn: Bankruptcy,    520 Eagleview Blvd,    Exton, PA 19341-1119
14365303    +EDI: WFNNB.COM Nov 23 2019 08:13:00       ComenityCapital/Boscov,    Attn: Bankruptcy Dept,
             Po Box 182125,    Columbus, OH 43218-2125
14365307    +EDI: AGFINANCE.COM Nov 23 2019 08:13:00       OneMain Financial,    Attn: Bankruptcy,
             601 Nw 2nd St #300,    Evansville, IN 47708-1013
14365308    +EDI: RMSC.COM Nov 23 2019 08:13:00       Syncb/car Care Pep B,    Attn: Bankruptcy,
             Po Box 965060,    Orlando, FL 32896-5060
14365309    +EDI: RMSC.COM Nov 23 2019 08:13:00       Syncb/hhgreg,    Attn: Bankruptcy,    Po Box 965060,
             Orlando, FL 32896-5060
14366128    +EDI: RMSC.COM Nov 23 2019 08:13:00       Synchrony Bank,    c/o of PRA Receivables Management, LLC,
             PO Box 41021,    Norfolk, VA 23541-1021
14365310    +EDI: RMSC.COM Nov 23 2019 08:13:00       Synchrony Bank/Care Credit,    Attn:  Bankruptcy Dept,
             Po Box 965060,    Orlando, FL 32896-5060
                                                                                               TOTAL: 9
```
             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                          TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 24, 2019                          Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on November 21, 2019 at the address(es) listed below:
```
              CHRISTINE C. SHUBERT    christine.shubert@comcast.net, J100@ecfcbis.com
              ELIZABETH A. BARTLOW    on behalf of Debtor Felix L. Colon elizabeth@bartlowlaw.com,
               r44610@notify.bestcase.com
              REBECCA ANN SOLARZ    on behalf of Creditor    NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER
               bkgroup@kmllawgroup.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
                                                                                             TOTAL: 4
```

| Information to identify the case: | | |
|---|---|---|
| Debtor 1 | **Felix L. Colon** <br> First Name    Middle Name    Last Name | Social Security number or ITIN   **xxx–xx–0344** <br> EIN   _ _–_ _ _ _ _ _ _ |
| Debtor 2 <br> (Spouse, if filing) | _____ <br> First Name    Middle Name    Last Name | Social Security number or ITIN   _ _ _ _ <br> EIN   _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court   **Eastern District of Pennsylvania** | | |
| Case number:   **19–14762–mdc** | | |

# Order of Discharge    12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 727 is granted to:

Felix L. Colon

<u>11/21/19</u>    **By the court:**   <u>Magdeline D. Coleman</u>
United States Bankruptcy Judge

**Explanation of Bankruptcy Discharge in a Chapter 7 Case**

This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement. 11 U.S.C. § 524(c), (f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**For more information, see page 2 >**

Official Form 318    **Order of Discharge**    page 1

**Some debts are not discharged**
Examples of debts that are not discharged are:

- debts that are domestic support obligations;

- debts for most student loans;

- debts for most taxes;

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

Also, debts covered by a valid reaffirmation agreement are not discharged.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

> **This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**